JOSHUA DOWNES, JR., *versus* MICHAEL REILY.

In an action of debt against the surety of a bond given by the principal to procure his release from arrest on mesne process, under R. S., c. 113, § 16, evidence of the insolvency of the principal is admissible.

Such bond is a " civil obligation," within R. S., c. 77, § 8, clause 2.

ON EXCEPTIONS from *Nisi·Prius*, APPLETON, C. J., presiding.

DEBT.

The case was referred, under the statute, to the presiding Judge, with right to except.

The presiding Judge admitted evidence of the insolvency of the principal and rendered judgment for nominal damages, and plaintiff excepted.

The facts appear in the opinion.

*Mace*, for the plaintiff.

*Sanborn*, for the defendant.

KENT, J. — The facts in this case are, that the bond in suit was given for the release of Cates, the principal, from arrest on *mesne process*, as authorized by § 16, c. 113, R. S. Judgment for debt and cost was obtained, but there was no attempt on the part of the debtor to make a disclosure, at any time. The plaintiff is clearly entitled to judgment. The presiding Judge, to whom the case was referred, allowed evidence to be given of the insolvency of Cates, and thereupon gave judgment for one cent damages. To the ruling, admitting the evidence, the plaintiff excepts.

Is this one of the bonds from the penalty of which this Court can give relief under c. 77, § 8? It is a "civil contract and obligation;" and there is no statute provision requiring a judgment in such a bond to be for a specified sum. There is such a requirement in actions on bonds given *on execution*, and in which it appears that the debtor has failed to fulfil the conditions. The judgment, in those cases, *must* be for the amount of the execution and certain fees and interest. c. 113, § 38. In such cases there is no chancery power in this Court, unless the case is brought within § 48, which authorizes the Court or jury to assess only the actual damage, if the oath has been taken before competent magistrates, although there may have been irregularities and deficiencies in some of the proceedings.

It is not contended that this case comes within the provisions of § 48. It clearly does not. Neither does it come within § 38, for it is not "such bond" as is therein specified. It stands, then, as a bond given with conditions, that the principal debtor shall do certain acts within a specified time. He has failed to do them. There is no provision in the statute which fixes any certain judgment, if he fails to do them. The case therefore stands within the general provision giv-

ing power to this Court "to relieve from forfeiture, in civil contracts and obligations."

It has been so held in numerous cases in this State. *Goodwin* v. *Huntington*, 17 Maine, 74; *Wilson* v. *Gilles*, 15 Maine, 55; *Burbank* v. *Berry*, 22 Maine, 483, in which the Court consider the effect of the provision in the statute, that like proceedings shall be had, and like consequences shall result therefrom as provided in case of a debtor after *arrest* on execution. The words in the Revised Statutes of 1857, "as in *disclosures* on bonds given on execution," are still more definite. § 17, c. 113; *Waldron* v. *Berry*, 22 Maine, 486; *Sargent* v. *Pomroy*, 33 Maine, 388.

*Woodward* v. *Herbert*, 24 Maine, 362. In this case the Court recognizes the distinction between a bond on execution and one on *mesne process*. Of the latter it is said, that "it only obliges the surety to cause the principal to do a personal act, and, in case of failure, to make compensation in damages, wholly unliquidated and incapable of estimation before the effect produced by the failure of performance of the personal act can be perceived."

Whether any further provisions are required to give a creditor a practically effective right to compel a disclosure, after a bond is given on mesne process, is for the Legislature to determine.                *Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.